UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

   -against-

JUSTIN SMITH and EVELYN PERSON,

                Defendants.
-----------------------------------------------------x

MEMORANDUM AND ORDER
15 CR 466 (ILG)

GLASSER, United States District Judge:

        The defendant Person has moved this Court for an Order that would reopen a suppression hearing held on April 15, 2016, alleging she received ineffective assistance by her then counsel. The ineffectiveness claimed was "in failing to attempt to introduce what would have been admissible testimony and evidence and made arguments following such testimony . . . that would have created a reasonable probability that the Court would have granted her motion to suppress . . . . This testimony would have corroborated her testimony that she was told prior to her opening the door that the officers were there to arrest her on outstanding bench warrants, that as soon as she opened the door she attempted to exit her apartment and close the door behind her to be taken immediately into custody, and did not at that time ask for permission to change her clothes . . . ." DE 82 at 1-2.

        The hearing to suppress physical evidence seized from Ms. Person's apartment was concluded in one day. Two police officers testified on behalf of the government and the defendant testified on her own behalf. After a review of the Court's trial notes and the transcript of the proceeding, the Court issued a fifteen page Findings of Fact and Conclusions of Law in an Order denying her motion on June 3, 2016. DE 61. Testimony

was elicited from those three witnesses concerning the sequence of events upon which this motion is explicitly based. The credibility of those witnesses and the relevant portions of their testimony replicated in that Order which the Court regarded as dispositive were found as fact. The Conclusions of Law to which those facts led were informed by the teachings of <u>Maryland v. Buie</u>, 494 U.S. 325, 334-335 (1990), which were exquisitely applicable to them. DE 61 at 10-11.

Upon receiving this motion, the Court, as has been its practice, notified counsel whose assistance was asserted to be ineffective and extended an invitation to her to respond by testifying in person, or by affidavits or by briefs in accordance with <u>Sparman v. Edwards</u>, 154 F.3d 51 (2d Cir. 1998). In response, she requested clarification as to the extent the defendant's assertion of ineffective assistance waived the attorney-client privilege which is hers.

I begin, by way of response, to aver that the <u>Sparman</u> invitation I virtually automatically extend upon receipt of ineffective assistance claims was premature. A subsequent review of the transcript of the suppression hearing and a re-reading of my Findings of Fact and Conclusions of Law made it plain that a hearing on the defendant's motion would not be required. Although styled a "Motion to Reopen Suppression Hearing" it is, in fine, a Motion for Reconsideration or Reargument, which Local Rule 6.3, Local Rules of the Eastern and Southern Districts of New York, requires the movant to demonstrate controlling law or factual matters the Court overlooked or might reasonably be expected to change the Court's decision. That Rule should be applied "sparingly in the interests of finality and conservation of judicial resources." <u>In re Health Management Sys. Inc. Sec. Lit.</u>, 113 F. Supp.2d 613, 614 (S.D.N.Y. 2000). That

required demonstration has not been made. Rule 6.3 aside, if this motion were regarded as one for a new hearing, the movant would have to demonstrate that (1) the evidence is newly discovered and not known to the defendant at the original hearing; (2) the evidence is material and not merely cumulative or impeaching. See United States v. Tzakis, 736 F.2d 867, 872 (2d Cir. 1984); United States v. Oates, 445 F. Supp. 351, 353 (E.D.N.Y. 1978) aff'd. 591 F.2d 1332 (2d Cir. 1978); United States v. Cortez, 2005 WL 3312080 (S.D.N.Y. 2005); United States v. Nezaj, 668 F.Supp. 330 (S.D.N.Y. 1987). Neither of those prerequisites are satisfied.

In addition "Simply asserting an ineffective assistance claim, . . . does not entitle one to a Sparman hearing. The 'requirement of inviting a response from counsel does not apply to every one of the voluminous number of claims of ineffective assistance of counsel that come before a district court judge, but only to those sufficiently serious that there is a real possibility that the claim may be upheld.'" Jones v. Donnelly, 487 F. Supp.2d 418, 420 (S.D.N.Y. 2007), citing Jolaoso v. United States, 142 F. Supp.2d 306, 308 n2 (E.D.N.Y. 2001). The defendant's motion is meritless and seeks nothing more than a second bite of an apple that has been thoroughly chewed and digested.

I nevertheless seize this opportunity to respond to the request for clarification regarding the implication of the attorney-client privilege raised by an ineffective assistance claim. The response is that the assertion of that claim waives the privilege. Although that issue is not explicitly addressed in Sparman, by inviting the attorney so charged to respond in person or by affidavit or brief, the Court signals a waiver of the privilege by necessary implication. How else is a meaningful response to that charge to be made?

3

In <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003), the case most frequently cited, the issue was explicitly addressed and the Court wrote at 718-719:

> The rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation dates back to at least *Hunt v. Blackburn*, 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888), where the Court stated: "When Mrs. Blackburn entered upon a line of defense which involved what transpired between herself and Mr. Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter." *Id.* at 470-71, 9 S.Ct. 125. The Court thought this proposition so self-evident it felt no need to support it with either citation to authority or further analysis. In the intervening years, courts and commentators have come to identify this simple rule as the fairness principle. *See, e.g., United States v. Amlani*, 169 F.3d 1189 1196 (9th Cir. 1999); 8 John Henry Wigmore, Evidence in Trials at Common Law § 2327, at 636 (John T. McNaughton rev., 1961) [hereinafter Wigmore on Evidence]. The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword.

<u>See</u> <u>also</u> <u>United States v. Bilzerian</u>, 926 F.2d 1285, 1292 (2d Cir. 1991).

For all the foregoing reasons, the defendant's motion is Denied.

SO ORDERED.

Dated:   Brooklyn, New York
         October 18, 2016

                                             _____/s/_____
                                             I. Leo Glasser

4