UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER
                                                    15-CR-466 (ILG)
     v.

EVELYN PERSON,

                Defendant.

------------------------------------------------------------x
GLASSER, Senior United States District Judge:

       The defendant moved this Court for an order that would release her from custody. She is awaiting sentence having been found guilty following a trial by jury. 18 U.S.C. § 3243 provides in relevant part that "[t]he judicial officer shall order that a person who <u>has</u> been found guilty of an offense . . . and who is awaiting imposition or execution of sentence shall be detained unless (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or a new trial will be granted. . . ."

       Her motion is predicated on the belief that not having summarily denied her motions "which is nearly always the result with respect to post-verdict Rule 29 and Rule 33 motions filed in the Eastern District . . . suggest that the Court has determined to grant one of the two. . ." Dkt. No. 179, p.2

       The post-verdict motions were not summarily denied for the simple reason that given the issue presented by the verdict sheet inconsistency, which was novel to the Court, to have done so would have been an abdication of judicial responsibility. A studied examination of the judicial academic and other scholarly writings touching upon the issue led me to what I confidently

believed to be the right answer to a difficult and puzzling question. I denied the motions in a written opinion. Dkt. No. 182.

The inference drawn from having reserved decision on the post-verdict motions upon which this motion for release from custody was based was misplaced and the motion is denied.

SO ORDERED.

Dated:       Brooklyn, New York
               June 6, 2017

                                         /s/
                               I. Leo Glasser