UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

                         Plaintiff,               MEMORANDUM & ORDER
                                                 15-CR-466 (ILG)
       v.

EVELYN PERSON,

                         Defendant.

-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

Following her conviction after a trial by jury of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One) and of using and carrying a firearm during an in relation to a drug offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) and of aiding and abetting that crime in violation of 18 U.S.C. § 2 (Count 3), the defendant moved this Court for an Order directing her acquittal, Dkt. No. 141, and for an Order granting a new trial, Dkt. No. 143, pursuant to Rules 29 and 33, respectively, of the Federal Rules of Criminal Procedure. Both motions were denied in a Memorandum and Order. Dkt. No. 182. Thereafter, a motion was made seeking this Court's reconsideration of its Order of denial, Dkt. No. 184. The government's letter response in opposition, Dkt. No. 187, and the defendant's reply, Dkt. No. 188, are now all before the Court.

The burden of her motion for reconsideration is not that there are controlling decisions that were overlooked, or an intervening change in the law, or new evidence that would have a decisive impact upon the jury's finding of guilt, but is bottomed upon her claims that she is innocent; that 404(b) evidence was admitted erroneously; that the government's cross examination and summation was improper and prejudicial; and that the interests of justice

require that she be granted a new trial in accordance with Rule 33(a). She does not seek reconsideration of the denial of her motion for acquittal pursuant to Rule 29. Dkt. No. 185 at p. 3. In the Memorandum of Law in Support of her Motion, she argues that the Court's denial didn't address those main arguments for a new trial. Dkt. No. 185 at p. 3. The Court readily concedes that the primary issue addressed in its Order denying her Rule 33 motion was the inconsistency between the jury's general verdict and its responses to the two special interrogatories.

The entirety of the defendant's memorandum of law in support of the motion for an acquittal pursuant to Rule 29, Dkt. No. 141, was devoted to a minute review and evaluation of the evidence as it was presented during the trial and to the assertion that she did not know that her co-conspirator, Justin Smith, (named as her co-defendant in the original indictment), was stashing controlled substances in her apartment and she did not know he was a drug dealer. Those quintessential facts framed the dispositive issue in this case and they were previewed by counsel in their opening statements—the government asserting that she knew drugs were being stored in her apartment and that she knew Smith was a drug dealer, and the defendant's asserting that she did not know that Smith was using her apartment to store drugs. TR at 151-152; 156. That disputed issue wove its way throughout the trial as this brief transcript excerpt epitomizes. On direct examination of the defendant is the following at p. 547:

Q: Did you knowingly let him use your apartment as a stash pad?

A: No.

Q: Is it clear that he was using it as a stash pad?

A: Yes.

On cross examination, at p. 595:

> Q: Well, when the police arrested you and Mr. Smith in your apartment with all of those drugs, they had to belong to somebody, right?
>
> A: Yes.
>
> Q: And your testimony here today is that they did not belong to you.
>
> A: Of course not.
>
> Q: So, that means that your testimony is they belong to Smith.
>
> A: Yes.
>
> Q: So, fair to say that he had all these drugs in your apartment, he's a drug dealer.
>
> A: Yes.
>
> Q: So, we can agree that Mr. Smith was a drug dealer at the time he was living with you.
>
> A: Yes.

The Court denied her Rule 29 motion for the reasons stated in its Order, namely, that credibility rests solely in the jury's province and they found her guilty beyond a reasonable doubt. There was nothing further for the Court to address in response to her claim of innocence. As for the claimed errors in permitting the identified 404(b) evidence to be received, addressing that claim which was raised, argued and resolved during the trial and at oral argument in deciding the Rule 33 motion would add little if anything. Analysis of whether the Court's determination was correct, that the evidence was relevantly responsive to the denial of knowledge and to negating mistake or negligence, and in the overall context of the trial was more probative than prejudicial, will rest with a higher authority, as will the claims of aberrant government trial conduct.

The significant issue and its effect upon the validity of the entire trial, arose at its literal end—the unanticipated verdict returned by the jury; a clear, unambiguous verdict of guilty on

Count One, muddied by the responses to two special interrogatories which were ambiguously inconsistent with that general verdict. The post-trial motion briefs were substantially devoted to the ultimate consequence for the general verdict the inconsistent special interrogatories required as a matter of law. It was to divine the consequence of that inconsistency the law required that, after extended research drove the Court to conclude that the interest of justice would not be served by granting a new trial and the Rule 33 motion should be denied.

For all the foregoing, the Motion for Reconsideration is DENIED.

SO ORDERED.

Dated:     Brooklyn, New York
           June 26, 2017

                              _____/s/_____
                              I. Leo Glasser