UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

   v.              MEMORANDUM & ORDER
                     15-CR-466
EVELYN PERSON,

      Defendant.
------------------------------------------------------------x
GLASSER, Senior United States District Judge:

  Pending before the Court is a motion pursuant to 28 U.S.C. § 2255 seeking an Order that would vacate or set aside her conviction.

## BACKGROUND

  The defendant was indicted, charged in Count One with conspiracy to distribute and possess with intent to distribute drugs; in Count Three with maintaining a drug stash house; and in Count Eight with possession of a firearm in connection with a drug offense. She was convicted of Counts One and Eight following a four day jury trial and sentenced to a mandatory term of imprisonment for five years to be followed by a three year term of supervised release.

  Prior to trial she moved to suppress evidence she alleged was obtained incident to a search and seizure in violation of the Fourth Amendment of the United States Constitution. A hearing was held and concluded in one day. Three witnesses testified, two were New York City Police Officers and the defendant testified on her own behalf. Their testimony was a recital by each of the sequence of events upon which that motion was based. A review of the Court's trial notes, the transcript of the hearing, the observation of the witnesses, their demeanors as they responded to questions put to them on direct and cross-examination, and a critical assessment of

the substance of their testimony, led the Court to believe that the police officers were credible and the facts to be as they testified to them. The motion was thus, accordingly, denied. DE 61.

The defendant then moved the Court for an Order that would re-open the suppression hearing alleging that her then attorney represented her ineffectively. In essence she claimed that the cross-examination of the police officers failed to impugn their credibility which otherwise would have succeeded but for their ineffectiveness. DE 81, DE 82. That motion was denied. DE 98.

The defendant was thereafter found guilty after a trial by jury of conspiracy to distribute and possess with intent to distribute cocaine base and heroin, of using and carrying a firearm during and in relation to a drug offense, and of aiding and abetting that crime.

Motions pursuant to the Federal Rules of Criminal Procedure §§ 29 and 33 followed in due course. In a 20-page Memorandum and Order, DE 182, familiarity with which is assumed, her motions were denied. A motion to reconsider that denial, DE 184, was also denied in a Memorandum and Order. DE 192.

Undeterred by the adverse rulings on all her pre and post-trial motions, she appealed her conviction. On appeal, she argued that this Court "erred in declining to re-open an evidentiary hearing on her motion to suppress based on the ground that prior counsel provided ineffective assistance at the suppression hearing." She also challenged the validity of this Court's evidentiary rulings at trial and to the validity of the return of the jury's verdict in response to special interrogatories. The Court affirmed her conviction, holding in a 9-page Summary Order that the failure to re-open was not an abuse of discretion and that the Court's other challenged rulings were not erroneous. 745 Fed. App'x 380 (2d Cir. 2018); cert. denied, 139 S. Ct. 934 (2019).

Still undeterred, she made this § 2255 motion grounded entirely on the ineffectiveness of counsel which was raised on appeal and deferred to this Court. The claimed ineffectiveness was deficient representation on her motion to suppress, on her asserted unconstitutional search and seizure of her apartment, on the failure to preclude 404(b) evidence at trial and to argue on appeal the insufficiency of the evidence that she conspired to distribute drugs.

## DISCUSSION

The § 2255 petitioner has the burden of proving her entitlement to relief by a preponderance of the evidence. *Harned v. Henderson*, 588 F.2d 12, 22 (2d Cir. 1978). When that entitlement is based upon a claim of ineffective assistance of counsel, one turns almost reflexively to *Strickland v. Washington*, 466 U.S. 668 (1984) for guidance as to what that burden entails. She would learn that she would have to show that counsel's representation fell below an objective standard of reasonableness considering all the circumstances; that she suffered prejudice due to the ineffective assistance. In that regard, it is significant to note that *Strickland* teaches that judicial scrutiny of counsel's performance is very deferential; that a strong presumption is indulged that counsel's conduct fell within a wide range of reasonable professional assistance and that all important decisions were made in his professional judgment.

As of this writing, inquiry reveals that *Strickland* was cited 330,960 times in all and in cases, 190,193 times. I cite these facts suggesting that it may warrant an inference that incompetence or ineffectiveness of the criminal defense bar is ubiquitous, an inference that lurks in Justice O'Connor's statement in *Strickland* at p. 690:

> The availability of intrusive post-trial inquiry into attorney
> performance or of detailed guidelines for its evaluation

> would encourage the proliferation of ineffectiveness
> challenges. Criminal trials resolved unfavorably to the
> defendant would increasingly come to be followed by a
> second trial, this one of counsel's unsuccessful defense.
> Counsel's performance and even willingness to serve could
> be adversely affected. Intensive scrutiny of counsel and
> rigid requirements for acceptable assistance could dampen
> the ardor and impair the independence of defense counsel,
> discourage the acceptance of assigned cases, and undermine
> the trust between attorney and client.

This case is an echo of Justice O'Connor's insightful and prescient observation. This trial, resolved unfavorably to the defendant, was followed by "a second trial"—"this one of counsel's unsuccessful defense." The burden of this motion is a virtual "second trial" in that a reading of the submissions for and opposed to this motion against the background of all that has been submitted in this case makes meaningful Justice O'Connor's characterization of this motion as "a second trial." Its charges of ineffectiveness are attributed to every stage of this case.

Her claimed ineffectiveness of Margaret Shalley at the hearing on the motion to suppress, was considered and denied in the Court's Findings of Fact and Conclusion of Law. DE 61. The Court denied the motion to re-open that hearing for the same reasons in DE 98 and for the reasons discussed in the government's opposition to that motion, DE 89 at 4-6, which the Court fully adopts and incorporates by reference here.

The claimed ineffectiveness of David Gordon, who represented her on the motion to re-open and at trial, is meritless. She faults him for failing to preclude 404(b) evidence at trial, but the record clearly reflects that he did object to its admissibility. He also objected to that evidence in her Rule 33 motion, DE 185 at 6, and the admissibility of it was affirmed on appeal. 745 Fed. App'x 380 (E.D.N.Y. 2019).

The teachings of *Strickland* have been acknowledged above and bears repeating as the lesson learned for the disposition of this motion. Has the defendant shown that counsel's performance fell below an objective standard of reasonableness? Has she shown that she suffered prejudice that was due to counsel's claimed ineffectiveness? In weighing those factors, courts are required to be deferential to counsel's performance and indulge a strong presumption that his performance fell within the wide range of reasonable professional assistance.

I would regard the fundamental consideration to be as succinctly conveyed in *Strickland*, *viz*., was the result in this case unreliable; was there a miscarriage of justice because of patent professional inadequacy or, as the Court put it a "breakdown in the adversarial process." 466 U.S. at 696.

I am confident in concluding that there was no breakdown in that process, that there was no miscarriage of justice; that the burden that was the defendant's was not carried; that the presumption that counsel's representation was well within the range the profession required of them and to which the defendant was entitled was not rebutted. Her motion is, therefore, **DENIED**.

SO ORDERED.

Dated:     Brooklyn, New York
           May 18, 2020

                                                         _____
                                                         I. Leo Glasser
                                                         Senior United States District Judge